# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-6571 PA (PLAx) | Date | August 1, 2018 |
|----------|----------------------|------|----------------|
| Title | Louisa Bir v. Twin City Fire Ins. Co., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on July 31, 2018, by Twin City Fire Insurance Company ("Defendant"). Defendant asserts that the Court has jurisdiction over this action, brought by plaintiff Louisa Bir ("Plaintiff"), based on diversity of citizenship. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

In an effort to establish Plaintiff's citizenship, the Notice of Removal asserts the following:

> 7. Here, plaintiff has alleged that she is a resident of California. (Complaint, RJN, Exh. "A," ¶ 6.) California real property public records disclose that the plaintiff has owned and resided in a single family home in

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-6571 PA (PLAx) | Date | August 1, 2018 |
|----------|----------------------|------|----------------|
| Title | Louisa Bir v. Twin City Fire Ins. Co., et al. | | |

Los Angeles County California since 2014. (Declaration of Tom Dailey ("Dailey Decl."), ¶ 3; Exh. "F.")

8. California Department of Motor Vehicles records confirm that the plaintiff has been licensed to drive in California since 2014 and her California driver's license remains valid. Plaintiff has also been licensed to drive in Florida under the name of Louisa Winter, where she resided before purchasing her California home, and her Florida driver's license remains valid. However, plaintiff does not presently reside in or own any real property in Florida. (Dailey Decl., ¶ 4.)

9. For all of the above reasons, plaintiff is a citizen of California.

(Notice of Removal 4.) These are the only factual allegations provided by Defendant to support Plaintiff's citizenship. (See id. at 2–4.)

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. The evidence presented is insufficient to establish Plaintiff's intent to remain in California. Because an individual is not necessarily domiciled where she resides, and ownership of real property likewise does not establish domicile, Defendant's allegations are insufficient to establish that Plaintiff is a California citizen or the existence of complete diversity. Nor does possession of a valid California driver's license resolve Plaintiff's domicile. Accordingly, Defendant has failed to establish Plaintiff's citizenship or the existence of complete diversity. Thus, Defendant has not demonstrated that this Court has diversity jurisdiction over this action.

Accordingly, Defendant has failed to meet its burden to demonstrate that this Court has subject matter jurisdiction. The Court remands this action to Los Angeles County Superior Court, Case No. BC711687. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.